# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALFRED, | CASE NO.    1:12-cv-01493-MJS (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 14) |
| P.L. VAZQUEZ, | |
| Defendant. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

_____/

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On September 13, 2012, Plaintiff Christopher Alfred, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 5.)

On December 3, 2012, Plaintiff's Complaint was screened and dismissed, with leave to amend, for failure to state a cognizable claim.  (ECF No. 9.)  Plaintiff's First Amended Complaint (ECF No. 14) is now before the Court for screening.

1

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff names P.L. Vazquez as the sole Defendant and alleges the following:

On July 2, 2012, North Kern State Prison (NKSP) instituted a lockdown of B Facility, buildings 5 and 6, because of race based violence.  Recreation, law library, and religious services were restricted.  Plaintiff entered NKSP on July 13, 2012; he was stripped naked and examined in the Receiving and Release Department.  (Compl. at 1, 2.)  A Sergeant sent Plaintiff into the lockdown facility based on Plaintiff's tattoos, general appearance,

2

and documented allegations of gang affiliation.  Plaintiff and five other African American inmates were sent into lockdown.  (Id. at 2.)  The lockdown, July 13, 2012 through October 23, 2012, affected only African American and Hispanic inmates.

According to a Program Status Report, attached to the amended complaint and dated July 2, 2012, Facility B was on modified program because of a "riot/disturbance".  All inmates were affected, but African American and Northern Hispanic inmates received additional restrictions.  (Id. at 4.)

## IV.   ANALYSIS

### A.   Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal

conclusions are not.  Id. at 1949-50.

**B.    Equal Protection**

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985).  "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  "To state a § 1983 claim for violation of the Equal Protection Clause 'a plaintiff must show that the defendants acted with the intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'"  Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)).

Actions by prison officials that rest on racial classifications are immediately suspect and must be reviewed under the same strict scrutiny as racial classifications outside the prison context.  Johnson v. California, 543 U.S. 499, 505, 508–10 (2005).  Under the strict scrutiny standard, the government has the burden of proving that the racial classifications "are narrowly tailored measures that further compelling governmental interests."  Id. at 505 (internal quotation marks omitted).

Plaintiff alleges that a lockdown on B Facility was enforced unequally based on race.  All inmates were to be affected by the lockdown imposed in response to a violent disturbance.  However, Plaintiff alleges that African American and Northern Hispanic inmates exclusively experienced additional restrictions to recreation, visitation, law library access, and religious services.  The Program Status Report detailing the conditions of the lockdown appears to support Plaintiff's allegations.  The document repeatedly notes that

4

Whites and Others will experience normal conditions while African American and Northern Hispanics will be denied numerous privileges.

Plaintiff was placed on lockdown status even though he arrived at NKSP after the disturbance. Plaintiff's factual allegations plausibly support an equal protection claim. See Richardson v. Runnels, 594 F.3d 666, 671 (9th Cir. 2010) (applying Johnson to racial lockdowns in response to prison disturbances), see also, e.g., Armstead v. Virga, 2012 WL 2577562, *5-*6 (E.D. Cal. Jul. 3, 2012) (allegations that all African American inmates were placed on lockdown based on incident involving some African American inmates stated a colorable equal protection claim); and Grandberry v. Lewis, 2011 WL 2066709, *2 (E.D. Cal. May 25, 2011) (same).

However, in order to state a cognizable claim, Plaintiff must describe how the Defendant participated in the violations alleged. See Iqbal, 556 U.S. at 677. P.L. Vazquez is the only named defendant. He is not mentioned in Plaintiff's summary of events and his name does not appear on the Program Status Report. Plaintiff can not state a cognizable claim against Defendant Vazquez, or any other prison official, without setting forth specific facts showing how each individual defendant's conduct proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The mere fact that a defendant may have supervised the individuals responsible for a violation is not enough. Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The Court will grant Plaintiff an opportunity to amend. In order to state a cognizable claim, Plaintiff must identify a Defendant responsible for the violation of his rights and

explain how exactly they were involved.  Should Plaintiff chose to amend, he must reallege

the factual allegations, identified above, that support his equal protection claim.

## V.    CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section

1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v.

Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must

demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.

Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state

a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555

(2007)).    Plaintiff  must  also  demonstrate  that  each  named  Defendant  personally

participated in a deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.

2002).

Plaintiff should note that although he has been given the opportunity to amend, it

is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir.

2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing

the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

be complete in itself without reference to any prior pleading.  As a general rule, an

amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55,

57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer

serves any function in the case.  Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "Second Amended Complaint,"

refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed February 25, 2013;

2.     Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.     Plaintiff shall file an amended complaint within thirty (30) days; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.


IT IS SO ORDERED.

Dated:   ___March 28, 2013___          ____/s/ _Michael J. Seng_____
                                        UNITED STATES MAGISTRATE JUDGE

7