UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALFRED,<br><br>            Plaintiff,<br><br>     v.<br><br>P.L. VAZQUEZ,<br><br>            Defendant.<br>_____/ | CASE NO.   1:12-cv-01493-MJS (PC)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 16)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

On September 13, 2012, Plaintiff Christopher Alfred, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

Plaintiff's Complaint (ECF No. 1) and First Amended Complaint (ECF No. 14) were screened and dismissed, with leave to amend, on December 3, 2012 and March 29, 2013, respectively, for failure to state cognizable claims. (ECF Nos. 9, 15.)  Plaintiff's Second

Amended Complaint (ECF No. 16) is now before the Court for screening.

## II. <u>SCREENING REQUIREMENT</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." <u>Wilder v. Virginia Hosp. Ass'n</u>, 496 U.S. 498, 508 (1990) (<u>quoting</u> 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989).

## III. <u>SUMMARY OF SECOND AMENDED COMPLAINT</u>

The Second Amended Complaint identifies the following defendants: (1) P.L. Vazquez; (2) Management; and (3) the Investigative Gang Unit (IGI).

Plaintiff alleges the following:

On July 13, 2012, Plaintiff entered North Kern State Prison (NKSP) while parts of the facility were under lock-down. An IGI Sergeant examined Plaintiff in the receiving department and placed him in a locked-down building where African American and

Northern Hispanic inmates were feuding. Plaintiff and four other African Americans were placed in the locked-down facility while incoming Caucasian inmates were assigned elsewhere. Plaintiff questioned the decision and was told housing assignments are made by management. Plaintiff wrote to Defendant Vazquez and received no response. (Compl. at 2.)

**IV.  ANALYSIS**

    **A.  Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

    **B.  Section 1983 Linkage Requirement**

3

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Second Amended Complaint does not link any of the named Defendants to the alleged deprivation of Plaintiff's rights. It therefore fails to state a claim. The only individually identified Defendant is Warden Vazquez, but Plaintiff alleges no facts connecting Vazquez to the alleged violations. Vazquez's failure to respond to Plaintiff's letter does not give rise to a claim.

The Court's previous screening order notified Plaintiff that he could not state a cognizable claim against Defendant Vazquez, or any other prison official, without setting

forth specific facts showing how each individual defendant's conduct proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The mere fact that a defendant may have supervised the individuals responsible for a violation is not enough. Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The remaining Defendants are identified as "Management" and "the Investigative Gang Unit". Plaintiff may not attribute liability to groups generally. Taylor, 880 F.2d at 1045 (9th Cir. 1989) (requiring personal participation in the alleged constitutional violations); Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996) (holding instruction permitting jury to find individual liable as member of team, without any showing of individual wrongdoing, is improper).

Rather than including clarifying factual allegations, Plaintiff's Second Amended Complaint is more vague than previous complaints. Plaintiff may have mistakenly believed that he could file an amended complaint curing a pleading deficiency identified by the Court without realleging the facts of the claim. However, the Court's previous screening order provided Plaintiff with the following instruction:

> Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

(ECF No. 15 at 6.)

The Court will provide Plaintiff with **one final** opportunity to amend. To state a claim,

5

Plaintiff must provide a complete and detailed description of the events so the Court can understand what happened, when, and how exactly each Defendant was responsible. Plaintiff must also clarify what legal claims he is pursuing. The following sections of this order will provide legal standards that may be applicable to Plaintiff's claims. This will be Plaintiff's final opportunity to amend and therefore he must make every effort to allege all the relevant facts in this final pleading.

### C. Equal Protection

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). "To state a § 1983 claim for violation of the Equal Protection Clause 'a plaintiff must show that the defendants acted with the intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)).

Actions by prison officials that rest on racial classifications are immediately suspect and must be reviewed under the same strict scrutiny as racial classifications outside the prison context. Johnson v. California, 543 U.S. 499, 505, 508–10 (2005). See, e.g., Richardson v. Runnels, 594 F.3d 666, 671 (9th Cir. 2010) (applying Johnson to racial lockdowns in response to prison disturbances), see also, e.g., Armstead v. Virga, 2012 WL 2577562, *5-*6 (E.D. Cal. Jul. 3, 2012) (allegations that all African American inmates were placed on lockdown based on incident involving some African American inmates stated a

colorable equal protection claim); and Grandberry v. Lewis, 2011 WL 2066709, *2 (E.D. Cal. May 25, 2011) (same). Under the strict scrutiny standard, the government has the burden of proving that the racial classifications "are narrowly tailored measures that further compelling governmental interests." Johnson, 543 U.S. at 505 (internal quotation marks omitted).

### D. Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to

his health or safety.  <u>Farmer</u>, 511 U.S. at 847.

## V.     CONCLUSION AND ORDER

Plaintiff's Second Amended Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff one final opportunity to amend.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  <u>Iqbal</u>, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  <u>Id.</u> at 1949 (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as

true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Second Amended Complaint, filed April 15, 2013;

2. Plaintiff's Second Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   May 30, 2013                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE