UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALFRED,<br><br>             Plaintiff,<br><br>     v.<br><br>P.L. VAZQUEZ,<br><br>             Defendant. | CASE NO. 1:12-cv-01493-MJS<br><br>ORDER DISMISSING PLAINTIFF'S THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(ECF NO. 21)<br><br>CLERK SHALL CLOSE THE CASE |

## **SCREENING ORDER**

**I.     PROCEDURAL HISTORY**

Plaintiff Christopher Alfred, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 13, 2012. (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

Plaintiff's Complaint (ECF No. 1), First Amended Complaint (ECF No. 14), and Second Amended Complaint (ECF No. 16) were screened and dismissed, with leave to amend, on December 3, 2012, March 29, 2013, and May 30, 2013, respectively, each for failure to state cognizable claims. (ECF Nos. 9, 15, and 17.) Plaintiff's Third Amended Complaint (ECF No. 21) is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF THIRD AMENDED COMPLAINT

Plaintiff names Warden P.L. Vazquez, North Kern State Prison (NKSP), as the sole Defendant and alleges the following:

On July 13, Plaintiff arrived at NKSP and was initially screened by a sergeant who asked a series of questions. The sergeant determined that Plaintiff and four other African American inmates were to be sent to Building 5 where racial and group differences were "boiling". There was no reason to place Plaintiff in such a dangerous environment. The placement was discriminatory based on Plaintiff's race. (Compl. at 3.)

## IV. ANALYSIS

### A. Section 1983

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was

violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 678-69.

### B. Equal Protection

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). "To state a § 1983 claim for violation of the Equal Protection Clause 'a plaintiff must show that the defendants acted with the intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)).

Actions by prison officials that rest on racial classifications are immediately suspect and must be reviewed under the same strict scrutiny as racial classifications outside the prison context. Johnson v. California, 543 U.S. 499, 505, 508–10 (2005). Under the strict scrutiny standard, the government has the burden of proving that the racial classifications "are narrowly tailored measures that further compelling governmental interests." Id. at 505 (internal quotation marks omitted).

Plaintiff alleges that he was assigned to a dangerous housing facility based on Plaintiff's race. A Program Status Report, attached to the amended complaint, notes that "Whites" and "Others" are to experience normal conditions; while African American and Northern Hispanics will be denied numerous privileges. Plaintiff's factual allegations suggest an equal protection violation. See Richardson v. Runnels, 594 F.3d 666, 671 (9th Cir. 2010) (applying Johnson to racial lockdowns in response to prison disturbances), see also, e.g., Armstead v. Virga, 2012 WL 2577562, *5-*6 (E.D. Cal. Jul. 3, 2012) (allegations that all African American inmates were placed on lockdown based on incident involving some African American inmates stated a colorable equal protection claim); and Grandberry v. Lewis, 2011 WL 2066709, *2 (E.D. Cal. May 25, 2011) (same).

However, the Third Amended Complaint fails to link the Warden Vazquez, the only named Defendant, to the alleged deprivation of Plaintiff's rights. As such, it fails to state a claim. The only prison official referred to in the allegations is an unidentified sergeant who is not named as a Defendant.

The Court's previous screening orders advised Plaintiff that he could not state a cognizable claim against Defendant Vazquez, or any other prison official, without setting forth specific facts showing how his, or some other individual defendant's, conduct proximately caused a violation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The mere fact that a defendant may have supervised the individuals responsible for a violation is not sufficient. Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Even if Plaintiff had named the sergeant who assigned him to his cell as a defendant, his allegations would not state a plausible claim for relief. Plaintiff's conclusion that the sergeant's housing assignment was motivated by race is not supported by any of the facts provided. The mere possibility that a prison official acted based on Plaintiff's race is not sufficient to state a claim. See Iqbal, 556 U.S. 678-69.

Plaintiff was cautioned that his Third Amended Complaint would be his last opportunity, to amend and he was instructed to "make every effort to allege all the relevant facts in this final pleading." (ECF No. 17 at 6.) The instant pleading is nearly identical to its predecessor. No useful purpose would be served by extending him yet another opportunity to amend..

## V.   CONCLUSION AND ORDER

For the reasons stated above, the Court finds that Plaintiff's Third Amended Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile.  See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, Plaintiff's Third Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.  The Clerk shall close the case.

IT IS SO ORDERED.

Dated:   October 29, 2013                    /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE